## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MICHAEL RYAN NEITHARDT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-cv-00815-LKG |
| | ) | |
| v. | ) | Dated:  September 1, 2023 |
| | ) | |
| JACOB EDWARD GARVEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

### I.    INTRODUCTION

Plaintiff *pro se*, Michael Ryan Neithardt, brings this civil action against Defendants, Officer Jacob Edward Garvey, Officer Brandon T. Lee ( the "Defendant Officers"), Jessica Richardson-Garvey, and Samantha L. Bayliss, alleging that the Defendant Officers violated his rights under First, Fourth and Fifth Amendments, and committed other state law torts, in connection with Plaintiff's arrest on October 27, 2020.[1]  *See generally,* ECF No. 1. Defendants have filed motions to dismiss the complaint or, in the alternative, for summary judgment, pursuant to Fed. R. Civ. P. 12(b) and 56.  *See* ECF Nos. 22 and 24.  Plaintiff has also filed motions for recusal of Defendants' counsel; clerk's entry of default and to vacate the Court's case management order.  ECF Nos. 13, 14 and 19.

The Defendants' motions to dismiss the complaint or, in the alternative, for summary judgment are fully briefed.  ECF Nos. 22, 24, 28, 29 and 30.  No hearing is necessary to resolve the motions.  *See* L.R. 105.6 (D. Md. 2021).  For the reasons that follow, the Court: (1) **GRANTS-in-PART** the Defendant Officers' motion to dismiss, or, in the alternative, for summary judgment; (2) **GRANTS** the Defendants Jessica Richardson-Garvey and Samantha L.

---

[1] Plaintiff agreed to dismiss his claims against Defendants Jessica Richardson-Garvey and Samantha L. Bayliss.  ECF No. 28 at 3; *see also* ECF No. 29.  And so, the Court DISMISSES all claims in this action against these Defendants.

Bayliss' motion to dismiss the complaint, or in the alternative, for summary judgment; (3) **DENIES-as-MOOT** Plaintiff's motion for recusal of Defendants' counsel; (5) **DENIES-as-MOOT** Plaintiff's motion for clerk's entry of default; (6) **DENIES-as-MOOT** Plaintiff's motion to vacate case management order; and (7) **DISMISSES** the complaint.

## II.      FACTUAL AND PROCEDURAL BACKGROUND[2]

### A.      Factual Background

The claims in civil action arise from the October 27, 2020, arrest of Plaintiff, Michael Ryan Neithardt, for trespassing on private property and failure to obey lawful orders (the "October 27, 2020, Incident"). *See generally*, ECF No. 1. Plaintiff asserts the following claims against Defendants in the complaint: (1) First Amendment Retaliation/Section 1983 (Count I); Fourth Amendment False Arrest/ Section 1983  (Count II); Fourth Amendment False Imprisonment/Section 1983 (Count III); Fourth Amendment Unlawful Seizure/Section 1983 (Count IV); Fifth Amendment Due Process Violation/Section 1983  (Count V); (6) Abuse of Process; (7) Tortious Breach of Contract (Count VII); and (8) Intentional Infliction of Emotional Distress (Count VIII). ECF No. 1 at 10-24. As relief, Plaintiff seeks, among other things, to recover monetary damages from the Defendants. *Id*. at Prayer for Relief.

Plaintiff, Michael Ryan Neithardt, is a resident of Delaware. *Id.* at 2.

The Defendant Officers, Jacob Edward Garvey and Brandon T. Lee, are police officers employed by the City of Hurlock, Maryland Police Department. *Id.* at 6-7.

Defendant Jessica Richardson-Garvey is married to Officer Garvey. *Id.* at 7.

Defendant Samantha L. Bayliss is married to Officer Lee. *Id.*

It is undisputed that Ms. Richardson-Garvey and Ms. Bayliss had no involvement in the October 27, 2022, Incident. ECF No. 28 at 3.

<u>Amick Farms</u>

As background, Amick Farms ("Amick") is a large chicken hatchery and processing plant located in Hurlock, Maryland. Def. Ex. 1, Garvey Aff. at ¶ 2. Amick's property is bordered by Nealson Street on the west, railroad tracks on the north and private property on

---

[2] The facts recited in this memorandum opinion are taken from the complaint and Defendants' motion to dismiss, or in the alternative, for summary judgment and the memorandum in support thereof. ECF Nos. 1, 22 and 24.

the south and east side.  ECF No. 22-6 at 4.

The Hurlock Police Department is located across Nealson Street from Amick.  ECF No. 22-2 at ¶ 2.  There is a corporate parking lot on the northwest corner of the Amick property and an employee parking lot located close to the southwest corner of the Amick property, on the Nealson Street side of the Amick property.  *Id.*

Groups have come to Hurlock to protest Amick in the past.  *Id.* at ¶ 3.  These protests have generally occurred near the corporate and employee parking lots.  *Id.*  Because the portion of Amick's property that is located near these parking lots extends to Nealson Road, Amick has previously requested the assistance of the Hurlock Police Department to enforce its property rights.  *Id.*  And so, the Hurlock Police Department has directed groups seeking to protest Amick to conduct their protests on the other side of Nealson Street on a parcel of public property that is located across from the employee parking lot entrance on the southwest corner of the Amick property.  *Id.*

<u>The October 27, 2020, Incident</u>

On October 27, 2020, Plaintiff entered the City of Hurlock for the purpose of filming Amick's property.  ECF No. 1 at ¶ 7.  Plaintiff alleges that he set up his camera next to Nealson Street, "between the sign and the roadway" on what he believed to be a "registered public easement."  *Id.* at ¶ 8.

At approximately 3:00 p.m., Officer Lee approached Plaintiff and told him that the Hurlock Police Department had received complaints about someone with a camera on Amick's property.  *Id.* at ¶ 9.  Plaintiff told Officer Lee that no one from Amick had complained to him.  *Id.* at ¶ 10.  And so, Officer Lee left the scene.  *Id.*

Defendants maintain that, at that time of his encounter with Plaintiff, Officer Lee did not understand Plaintiff to be on Amick's property.  Def. Ex. 2, Lee Aff. at ¶ 5.  After Officer Lee left the scene, Plaintiff moved his camera to another corner of Amick's property, which Plaintiff believed to be subject to a public easement.  ECF No. 1 at ¶ 11.  And so, Plaintiff continued filming while standing two to three feet from the edge of Nealson Street on the grass.  *Id.*

Defendants maintain that Officer Garvey heard a dispatch call requesting that an officer respond to a complaint made by Amick that an individual was trespassing on its property and filming the facility, while he was returning from a court appearance in Cambridge, Maryland on

October 27, 2020. Def. Ex. 1, Garvey Aff. at ¶ 4. And so, Officer Garvey decided to check on this trespass complaint. *Id.*

Defendants maintain that Officer Garvey noticed Plaintiff near the entrance to Amick's employee parking lot while he was driving north on Nealson Street. *Id.* at ¶ 5. It is undisputed that a "No Trespassing" sign is posted on the driveway that accesses Amick's employee parking lot, approximately 50 feet up the employee parking lot driveway from Nealson Street. *Id.;* ECF Nos. 22-1 and 28.

The video camera footage of Officer Garvey's encounter with Plaintiff shows that Officer Garvey approached Plaintiff and told Plaintiff that he could not videotape on private property. Def. Ex. 1, Garvey Aff. at ¶ 6; Def. Ex. 4, Garvey Video at 00:38-00:43; ECF No. 1 at ¶ 12. Defendants maintain that Officer Garvey knew that Amick's property line extends to Nealson Street, based on his prior experience with protesters at Amick. Def. Ex. 1, Garvey Aff. at ¶ 6. Plaintiff maintains that he was not on private property, because there was a state road sign near where he was standing. *Id.* at ¶ 7; Def. Ex. 4, Garvey Video at 00:43-00:53.

When Officer Garvey asked for his identification, Plaintiff extended both of his arms and said, "let's go and arrest me." *Id.* Officer Garvey then asked Plaintiff to exit Amick's property, because he was on private property. Def. Ex. 1, Garvey Aff. at ¶ 7; Def. Ex. 4, Garvey Video at 00:53-00:55.

Video footage of this encounter also shows that Plaintiff continued to claim that he was standing on a public easement, refused to provide any identification, and encouraged Officer Garvey to arrest him. Def. Ex. 1, Garvey Aff. at ¶¶ 8-9; Def. Ex. 4, Garvey Video at 00:55-01:28. And so, Officer Garvey, again, told Plaintiff that he was standing on private property. Def. Ex. 1, Garvey Aff. at ¶¶ 10-11; Def. Ex. 4, Garvey Video at 01:28-02:15.

After Plaintiff refused to provide any identification and gestured for Officer Garvey to arrest him, Officer Garvey patted Plaintiff down. Def. Ex. 1, Garvey Aff. at ¶ 12; Def. Ex. 4, Garvey Video at 01:22-03:16. Officer Garvey then, again, informed Plaintiff that he was on private property and asked for his identification. Def. Ex. 1, Garvey Aff. at ¶ 13; Def. Ex. 4, Garvey Video at 03:16-07:31. Thereafter, Officer Garvey arrested Plaintiff for trespassing on private property and failure to obey lawful orders. Def. Ex. 1, Garvey Aff. at ¶ 14; Def. Ex. 4, Garvey Video at 07:31-08:17.

4

It is undisputed that, subsequent to his arrest, Plaintiff was taken to the Hurlock Police Department and released after being processed and issued criminal citations for trespassing and failure to obey lawful orders.  Def. Ex. 1, Garvey Aff. at ¶¶ 15-16; Def. Ex. 4, Garvey Video at 08:17-38:38.  The Dorchester County States' Attorney's Office later entered a *nolle prosequi* on the failure to obey a lawful order charge filed against Plaintiff.  ECF No. 1-1 at 2.  It is undisputed that Plaintiff was found not guilty on the trespassing charge filed against him.  *Id.* at 1.

Plaintiff contends that the Defendant Officers violated his constitutional rights by arresting him on October 27, 2020.  ECF No. 1 at 10-11; ECF No. 28 at 9.  And so, Plaintiff seeks to recover, among other things, monetary damages from Defendants.  ECF No. 1 at 24-26.

### B.    Procedural Background

Plaintiff commenced this civil action on April 5, 2022.  ECF No. 1.  On September 19, 2022, the Defendant Officers filed a motion to dismiss or, in the alternative, for summary judgment, pursuant to Fed. R. Civ. P. 12(b) and 56.  ECF No. 22.  On September 19, 2022, Defendants Jessica Richardson-Garvey and Samantha L. Bayliss also filed a motion to dismiss or, in the alternative, for summary judgment, pursuant to Fed. R. Civ. P. 12(b) and 56.  ECF No. 24.

Plaintiff filed a consolidated response in opposition to the Defendants' respective motions on October 7, 2022.  ECF No. 28.  On October 12, 2022, the Defendants Richardson-Garvey and Bayliss filed a reply.  ECF No. 29.  On November 2, 2022, the Defendant Officers filed a reply.  ECF No. 30.

The Defendants' dispositive motions having been fully briefed, the Court resolves the pending motions.

## III.   LEGAL STANDARDS

### A.    Pro se Litigants

Plaintiff is proceeding in this matter without the assistance of counsel.  And so, the Court must construe the second amended complaint liberally.  *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).  But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim.  *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *see also Bell v. Bank of America, N.A.*, No. 13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by

counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations omitted). And so, if plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

**B.      Fed. R. Civ. P. 12(b)(6)**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

**C.      Fed. R. Civ. P.  56**

A motion for summary judgment filed pursuant to Fed. R. Civ. P. 56 will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). And so, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co., Ltd.*, 601 F.2d 139, 141 (4th Cir. 1979).

When ruling on a motion for summary judgment, the Court must construe the facts alleged in the light most favorable to the party opposing the motion. *See United States v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs.*, 773 F.2d 592, 595 (4th Cir. 1985). In this regard, the moving party bears the burden of showing that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Catawba Indian Tribe of S.C. v. State of S.C.*, 978 F.2d 1334, 1339 (4th Cir. 1992), *cert. denied,* 507 U.S. 972 (1993). But, a party who bears the burden of proof on a particular claim must also factually support each element of his or her claim. *See Celotex Corp.*, 477 U.S. at 322-23. Given this, "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Id.* at 323. And so, on those issues on which the nonmoving party will have the burden of proof, it is the nonmoving party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 256.

In this regard, the United States court of appeals for the fourth circuit has held that, "[a] mere scintilla of evidence in support of the nonmovant's position will not defeat a motion for summary judgment." *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 536 (4th Cir. 1997). And so, there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

### D.    Section 1983 And Constitutional Law Claims

Title 42, United States Code, section 1983 provides a mechanism for individuals who have had their constitutional rights violated to seek a remedy against individual state actors. *See* 42 U.S.C. § 1983 (providing that if any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State deprives a United States citizen of any constitutional right, that person may be liable in a suit for money damages). "[A] First Amendment retaliation claim under Section 1983 consists of three elements: (1) the plaintiff engaged in a constitutionally protected First Amendment activity, (2) the defendant took an action that adversely affected that protected activity, and (3) there was a causal relationship between the plaintiff's protected activity and the defendant's conduct." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 537 (4th Cir. 2017); *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 686 (4th Cir. 2000) (accord). But the existence of probable cause to arrest defeats a claim of retaliatory arrest

7

under the First Amendment.  *Nieves v. Bartlett*, 139 S.Ct. 1715, 1724 (2019)("the plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest."); *see also Kerr v. City of Boulder*, No. 19-cv-01724-KLM, 2021 U.S. Dist. LEXIS 114207, at *32 (D. Colo. June 18, 2021)(First Amendment retaliatory arrest claim fails where there is probable cause for the arrest on other grounds.).

In this regard, the Fourth Amendment protects against unreasonable searches and seizures, and "probable cause is the standard by which a particular decision . . . is tested against the constitutional mandate of reasonableness." *Camara v. Mun. Ct. & Cnty. of San Francisco*, 387 U.S. 523, 534 (1967); *United States v. Sharpe*, 470 U.S. 675, 682 (1985).  "The legality of a warrantless arrest is determined by the existence of probable cause at the time of the arrest . . . ." *Johnson v. State*, 356 Md. 498, 504 (1998); *United States v. Watson*, 423 U.S. 411, 418 (1976) (holding that a warrantless arrest of an individual in public for a felony, or a misdemeanor committed in the officer's presence, is consistent with the Fourth Amendment if the arrest is supported by probable cause).  And so, "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Largo Vista*, 532 U.S. 318, 354 (2001).

The "substance of all the definitions of probable cause is a reasonable ground for belief of guilt," and that belief must be particularized with respect to the person to be searched or seized. *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (quoting *Brinegar v. United States,* 338 U.S. 160, 175 (1949)); *Ybarra v. Illinois,* 444 U.S. 85, 91 (1979).  An acquittal is not, by itself, evidence of a lack of probable cause. *Carter v. Aramark Sports & Ent. Servs.*, 153 Md. App. 210, 835 A.2d 262 (2003).  And so, "[a]t most, an acquittal represents a mere finding that the state prosecutor did not sustain its high burden of proof beyond a reasonable doubt that Plaintiff was guilty of the crimes charged." *Kenny v. Jones*, No. DKC 2007-2421, 2008 WL 11425695, at *3 (D. Md. July 3, 2008).

Lastly, the Supreme Court has held that Fifth Amendment claims under Section 1983 may be brought pursuant to the enforcement of the Takings Clause, *Knick v. Township of Scott*, 139 S.Ct. 2162 (2019), and a criminal defendant's right to be free from self-incrimination, *Chavez v. Martinez*, 538 U.S. 760 (2003).

E.      **Intentional Infliction Of Emotional Distress**
        **And Tortious Interference With A Contract Claim**

To prevail on a claim for intentional infliction of emotional distress, a plaintiff must prove that: (1) the defendant's conduct was intentional or reckless; (2) the defendant's conduct was extreme and outrageous; (3) there is a causal connection between the wrongful conduct and the plaintiff's emotional distress; and (4) the conduct caused emotional distress of a severe nature." *Takacs v. Fiore*, 473 F. Supp. 2d  647, 651-52 (D. Md. 2007).  The conduct at issue must be so outrageous, "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Batson v. Shiflett*, 325 Md. 684, 733 (1992) (internal quotation omitted).

This Court has recognized that "the tort of intentional interference with contractual or business relations is 'well-established in Maryland.'" *State Farm Mut. Ins. Co. v. Slade Healthcare, Inc*., 381 F. Supp. 3d 536, 569 (D. Md. 2019) (quoting *Macklin v. Robert Logan Assocs.*, 334 Md. 287, 296 (Md. 1994)).  This tort provides that "one not privileged to do so who purposely induces or causes a third person not to perform a contract or enter into or continue a business relation with another is liable for the harm caused thereby." *United Rental Equip. Co. v. Potts & Callahan Contracting Co*., 231 Md. 552, 560 (Md. 1963).

IV.   **ANALYSIS**

The Defendants have moved to dismiss the complaint, or, in the alternative, for summary judgment in their favor on Plaintiff's claims in this action, upon the grounds that: (1) Plaintiff's Section 1983 claims based upon the First and Fourth Amendment fail, because the Defendant Officers had probable cause to arrest Plaintiff; (2) Plaintiff's Section 1983 claims based upon Fifth Amendment also fail, because Plaintiff cannot bring a Section 1983 claim against local government actors, like the Defendant Officers; (3) the Defendant Officers are entitled to qualified immunity; (4) Plaintiff fails to state a tortious interference with a contract claim, because he does not allege that the Defendant Officers interfered with a contract; and (5) Plaintiff fails to state an intentional infliction of emotional distress claim, because he fails to sufficiently allege facts to support this claim in the complaint.

Plaintiff does not substantively respond to the Defendants' arguments in his response in opposition.  *See generally*, ECF No. 28.  But, Plaintiff generally counters that the Court should not

dismiss his claims, because he was not trespassing on Amick's property and he was found not guilty of trespassing.  ECF No. 28 at 5.

For the reasons that follow, the undisputed material facts in this case show that the Defendant Officers had probable cause to arrest Plaintiff, thereby warranting entry of summary judgment in the Defendants' favor on Plaintiff's Section 1983 claims based upon the First and Fourth Amendments.  A careful reading of the complaint also shows that Plaintiff fails to state viable Section 1983 claims based upon the Fifth Amendment against the Defendant Officers, warranting the dismissal of Plaintiff's due process and "abuse of power" claims.  A careful reading of the complaint also makes clear that Plaintiff fails to state plausible tortious interference with a contract and intentional infliction of emotional distress claims in this action.  And so, the Court: (1) **GRANTS-in-PART** the Defendant Officers' motion to dismiss, or, in the alternative, for summary judgment; (2) **GRANTS** Defendants Jessica Richardson-Garvey and Samantha L. Bayliss' motion to dismiss, or, in the alternative, for summary judgment; (3) **DENIES-as-MOOT** Plaintiff's motion for recusal of Defendants' counsel; (5) **DENIES-as-MOOT** Plaintiff's motion for clerk's entry of default; (6) **DENIES-as-MOOT** Plaintiff's motion to vacate case management order; and (7) **DISMISSES** the complaint.

## A.    The Defendant Officers Had Probable Cause To Arrest Plaintiff

As an initial matter, the undisputed material facts in this case show that the Defendant Officers had probable cause to arrest Plaintiff for trespassing on October 27, 2020.

The Supreme Court has held that "the plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest." *Nieves*, 139 S.Ct. at 1724.  And so, the existence of probable cause to arrest generally defeats a claim of retaliatory arrest under the First Amendment. *Id.*; *see also Kerr*, 2021 WL 2514567, at *1.  The existence of probable cause similarly defeats claims for unlawful arrest and seizure under the Fourth Amendment. *Johnson*, 356 Md. at 504 (1998)(holding that "[t]he legality of a warrantless arrest is determined by the existence of probable cause at the time of the arrest . . . ."); *see also Watson*, 423 U.S. at 418 (holding that a warrantless arrest of an individual in public for a felony, or a misdemeanor committed in the officer's presence, is consistent with the Fourth Amendment if the arrest is supported by probable cause).  And so, if the Defendant Officers had probable cause to arrest Plaintiff on October 27, 2020, Plaintiff cannot prevail on his Section 1983 claims based upon the First and Fourth Amendments.

In this regard, the Supreme Court has held that the "substance of all the definitions of probable cause is a reasonable ground for belief of guilt" and that belief must be particularized with respect to the person to be searched or seized. *Pringle*, 540 U.S. at 371 (quoting *Brinegar*, 338 U.S. at 175 (1949)); *Ybarra*, 444 U.S. at 91. Notably, a post-arrest acquittal is not, by itself, evidence of a lack of probable cause. *Carter*, 153 Md. App. at 210, 835 A.2d at 262. And so, this Court has recognized that, "[a]t most, an acquittal represents a mere finding that the state prosecutor did not sustain its high burden of proof beyond a reasonable doubt that Plaintiff was guilty of the crimes charged." *Kenny*, 2008 WL 11425695, at *3.

In this case, the undisputed material facts show that the Defendant Officers had probable cause to arrest Plaintiff for trespassing on a posted property under Md. Code Ann., Crim. Law § 6-402 for several reasons.

First, the undisputed material facts show that Defendant Officers had "a reasonable ground for belief" that Plaintiff was trespassing on Amick's property in violation of Maryland law. Under Maryland law, "[a] person may not enter or trespass on property that is posted conspicuously against trespass by: signs placed where they reasonably may be seen." *See* Md. Code Ann., Crim. Law § 6-402(a)(1).

It is undisputed that, on the date of Plaintiff's arrest, a "No Trespassing" sign was posted on the driveway that accesses Amick's employee parking lot near Nealson Street. ECF Nos. 22-2 and 28. It is also undisputed that, at the time that Officer Garvey encountered Plaintiff, Plaintiff was filming while standing on the grass approximately two to three feet from the edge of Nealson Street. ECF No. 1 at ¶ 11; ECF No. 22-2. And so, the undisputed material facts show that there was a conspicuously posted "No Trespassing" sign located on Amick's property on the date of Plaintiff's arrest.

The undisputed material facts also show that the Defendant Officers believed that Plaintiff was trespassing on Amick's property at the time of Plaintiff's arrest. It is undisputed that Officer Garvey encountered Plaintiff after he responded to a request that an officer investigate a complaint made by Amick that an individual was trespassing and filming on its property. ECF Nos. 22-2 at ¶ 4; 28. The undisputed material facts also show that, upon encountering Plaintiff, Officer Garvey was aware that Plaintiff was trespassing on Amick's property, because Officer Garvey was very familiar with the property's boundaries given his prior experience responding to several protests at Amick. ECF No. 22-2 at ¶ 3.

As Plaintiff acknowledges, the unrebutted evidence in this case also shows that Officer Garvey instructed Plaintiff to leave Amick's property several times and that Plaintiff repeatedly refused to do so.  In this regard, the video camera footage of Officer Garvey's encounter with Plaintiff shows that Officer Garvey asked Plaintiff to leave Amick's property three times, because Plaintiff was standing on private property. Def. Ex. 1, Garvey Aff. at ¶¶ 7, 10-11, 13; Def. Ex. 4, Garvey Video at 00:53-00:55, 01:28-02:15 and 03:16-07:31.

This video camera footage also shows that Plaintiff refused to leave the property, or to provide any identification to Officer Garvey. Def. Ex. 1, Garvey Aff. at ¶¶ 8-9; Def. Ex. 4, Garvey Video at 00:55-01:28.  And so, the undisputed material facts show that Officer Garvey had probable cause to arrest Plaintiff for trespassing on private property on October 27, 2020. Def. Ex. 1, Garvey Aff. at ¶ 14; Def. Ex. 4, Garvey Video at 07:31-08:17.

Plaintiff's argument that he may pursue his First and Fourth Amendment claims in this case, because he was acquitted of trespassing on Amick's property, is also unavailing.  Maryland courts have held that post-arrest acquittal is not, by itself, evidence of a lack of probable cause. *Carter*, 153 Md. App. at 210, 835 A.2d at 262.  And so, "[a]t most, [Plaintiff's] acquittal represents a mere finding that the state prosecutor did not sustain its high burden of proof beyond a reasonable doubt that Plaintiff was guilty of the crimes charged." *Kenny*, 2008 WL 11425695, at *3.

The Court also observes that Plaintiff points to no other evidence to show that the Defendant Officers did not have reasonable grounds to believe that he was trespassing on Amick's property.  Indeed, while Plaintiff argues that he was not trespassing, he neither refutes nor rebuts the material facts discussed above about the "No Trespassing" sign on Amick's property and his encounter with Officer Garvey. *See generally*, ECF No. 28.

Because the unrebutted evidence in this case shows that, at the time of Plaintiff's arrest: (1) Officer Garvey was aware of a complaint that someone was trespassing and filming on Amick's property; (2) there was a posted "No Trespassing" sign located on Amick's property; (3) Officer Garvey repeatedly instructed Plaintiff to leave Amick's property; and (4) Plaintiff refused to leave the property, the Court is satisfied that the Defendant Officers had probable cause to arrest Plaintiff for trespassing on posted property under Maryland law.

The existence of probable cause to arrest Plaintiff for trespassing on posted property defeats Plaintiff's First and Fourth Amendment claims based upon an alleged retaliatory or

unlawful arrest. *Nieves*, 139 S.Ct. at 1724 ("[T]he plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest."); *Johnson*, 356 Md. at 504; *see also Watson*, 423 U.S. at 418 ( holding that "[t]he legality of a warrantless arrest is determined by the existence of probable cause at the time of the arrest . . . ."). And so, the Court GRANTS the Defendant Officers' motion for summary judgment on Plaintiff's First and Fourth Amendment claims set forth in Counts I-IV of the complaint. Fed. R. Civ. P. 56.

## B.   Plaintiff Fails To State Viable Section 1983 Claims Based Upon The Fifth Amendment

A careful reading of the complaint also shows that the Court must dismiss Plaintiff's Fifth Amendment due process and "abuse of power" claims set forth in Counts V and VI of the complaint, because Plaintiff cannot bring such claims against the Defendant Officers.[3]

The Supreme Court has held that Section 1983 claims based upon the Fifth Amendment may only be brought pursuant to the enforcement of the Takings Clause and to protect a criminal defendant's right to be free from self-incrimination. *See Knick*, 139 S.Ct. at 2162; *Chavez*, 538 U.S. at 760. Relevant here, the right to due process under the Fifth Amendment applies to the Federal Government. U.S. Const. amend V ("No person . . . shall . . .be deprived of life, liberty, or property, without due process of law. . ."). Given this, Plaintiff cannot bring a Section 1983 claim against state actors, such as the Defendant Officers, based upon the Fifth Amendment's Due Process Clause. And so, the Court also DISMISSES Plaintiff's Section 1983 claims based upon the Fifth Amendment. Fed. R. Civ. P. 12(b)(6).

## C.   Plaintiff Fails To State A Plausible Tortious Interference With A Contract Claim

Dismissal of Plaintiff's "tortious breach of contract" claim in Count VII of the complaint is similarly warranted. Plaintiff fails to allege facts to support the elements of that claim. To prevail on this claim, Plaintiff must show, among other things, that Defendant Officers were aware of an existing contract and that they engaged in conduct to induce a third party to breach that contract. *Orfanos v. Athenian Inc*. 66 Md. App. 507, 520-21 (1986); *Mixter v. Farmer*, 215

---

[3] The Court construes these claims as being brought pursuant to Section 1983 and the Fifth Amendment's Due Process Clause.

Md. App. 536, 548 (2013).  Plaintiff alleges that the Defendant Officers committed this tort by breaching their oath of office as police officers.  ECF No. 1 at ¶ 37.  But, to the extent that this oath could create a binding contract, the Defendant Officers cannot be held liable for tortious interference with a contract to which they are a party.  *Dean v. Capital Ctr., LLC,* 2019 WL 290012 at *5 (Md. Ct. Spec. App. Jan. 2, 2019) (holding that a "person does not subject himself to tort liability by breaching a contract to which he himself is a party.").  Given this, Plaintiff fails to state a plausible tortious interference with a contract claim in Count VII of the complaint.  And so, the Court also DISMISSES this claim.  Fed. R. Civ. P. 12(b)(6).

### D.    Plaintiff Fails To State A Plausible Intentional Infliction Of Emotional Distress Claim

As a final matter, a careful reading of the complaint also makes clear that Plaintiff fails to state a plausible claim for intentional infliction of emotional distress against the Defendant Officers.  To prevail on a claim for intentional infliction of emotional distress, Plaintiff must prove that: (1) the Defendant Officers' conduct was intentional or reckless; (2) the Defendant Officers' conduct was extreme and outrageous; (3) there is a causal connection between the wrongful conduct and Plaintiff's emotional distress; and (4) the conduct caused emotional distress of a severe nature.  *Takacs,* 473 F. Supp. 2d at 651-52.  And so, the conduct at issue must be "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Batson,* 602 A.2d at 1216 (internal quotation omitted).

As the Defendant Officers persuasively argue, the complaint lacks sufficient facts to support an intentional infliction of emotional distress claim.  While Plaintiff alleges that the Defendant Officers "made a false claim that [he] was trespassing" on Amick's property, he does not allege any facts in the complaint to show that Defendant Officers engaged in extreme or outrageous conduct.  ECF No. 1 at ¶ 23; *see generally,* ECF No. 1.  As the Defendant Officers correctly observe, the complaint also lacks factual allegations to show that Plaintiff suffered emotional distress because of their alleged conduct.  ECF No. 22-1 at 14; *see generally,* ECF No 1.  Given this, the factual allegations in the complaint are not sufficient to

support a claim for intentional infliction of emotional distress.  And so, the Court also DISMISSES this claim.[4]  Fed. R. Civ. P. 12(b)(6).

## V.   CONCLUSION

In sum, the undisputed material facts in this case show that the Defendant Officers had probable cause to arrest Plaintiff.  A careful reading of the complaint also shows that Plaintiff fails to state viable Section 1983 claims based upon the Fifth Amendment against the Defendant Officers.  In addition, a careful reading of the complaint makes clear that Plaintiff fails to state plausible tortious interference with a contract and intentional infliction of emotional distress claims in this action.

And so, for the foregoing reasons, the Court:

(1) **GRANTS-in-PART** the Defendant Officers' motion to dismiss, or, in the alternative, for  summary judgment;

(2) **GRANTS** Defendants Jessica Richardson-Garvey and Samantha L. Bayliss' motion to dismiss the complaint, or, in the alternative, for summary judgment;

(3) **DENIES-as-MOOT** Plaintiff's motion for recusal of Defendants' counsel;

(5) **DENIES-as-MOOT** Plaintiff's motion for clerk's entry of default;

(6) **DENIES-as-MOOT** Plaintiff's motion to vacate case management order; and

(7) **DISMISSES** the complaint.

A separate Order shall issue.

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[4] Because the Court concludes that the Defendant Officers had probable cause to arrest Plaintiff, the Court does not reach the issue of qualified immunity.